**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEJANDRO BELTRAN RIVERA | No. 2:26-cr-00008-JAW |

**PROTECTIVE ORDER**

This matter comes before the Court upon the Government's Unopposed Motion for Entry of a Protective Order. The Government has requested that the Court issue a protective order regarding the handling of certain discovery materials which the Government intends to make available to the Defendant Rivera, through counsel, in advance of trial. In support of this motion, the Government asserts that the discovery materials contain personal and financial information for which it is necessary to safeguard legitimate privacy interests. Defendant Rivera, through counsel, has no objection to the Government's motion.

The Court having considered the motion and being advised in this matter hereby enters the following PROTECTIVE ORDER:

The Government's motion is hereby GRANTED. It is hereby Ordered as follows:

1. **Production of Personal Identity Information by the United States that May Be Subject to Privacy Protections.** The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to counsel for the defendant. The information produced may be subject to privacy protections and may also include financial information relating to the victims

of the charged offenses or to other third parties. The United States may produce these documents unredacted, or with limited redactions, to defense counsel. Upon producing these documents, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below. The defendant's counsel and counsel's personnel, may use these documents only for purposes of the litigation.

2. **Designation of Material Subject to this Protective Order.** To designate material(s) or personal identity information covered by this Protective Order, the United States shall so designate on the printed material, in an accompanying cover letter, on a diskette or thumb drive cover or label: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

3. **Production**. The United States will make available copies of protected materials, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the discovery materials produced pursuant to this Order is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants employed by the attorneys of record (hereinafter collectively referred to as members of the defense team).

4. **Further Dissemination Prohibited**. The attorneys of record and members of the defense team may display and review the subject protected discovery materials with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the protected discovery materials to the Defendant and other persons is prohibited and agree not to duplicate, photograph or provide copies of discovery materials to

the Defendant and other persons, or allow anyone else to do so. The Defendant's counsel of record and counsel's assistants and agents shall not copy, reproduce, disseminate, or otherwise disclose the discovery materials produced pursuant to this Order, except that they shall be permitted to make copies for internal use by members of the defense team but not the Defendant. The discovery materials produced pursuant to this Order shall at all times remain in the custody of counsel, or an assistant, agent, or investigator working under the supervision of counsel and that such materials or copies of such materials shall not be provided to, or left with, the Defendant.

5. **Rule 16.** Nothing in this Order should be construed as imposing any discovery obligations on the Government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

6. **Duration**. The provisions of this Order shall NOT terminate at the conclusion of this prosecution or any appeal. The duration of the Order is permanent.

7. **Violation.** Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the District of Maine, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court. If the Defendant violates any term or condition of this Order, the United States reserves its

right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

8. **Return or Destruction of Subject Materials**. Any protected/personal identity information provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the First Circuit or Supreme Court of the United States; or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed within the timeframe above.

9. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

10. **No Waiver**. The failure to designate any materials as provided in paragraph 1 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

11. **No Ruling on Discoverability or Admissibility**. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Date: September 8, 2026

/s/ John A. Woodcock, Jr.
United States District Judge